IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IDA DEANNE EVANS,

        Plaintiff,

v.                                CIVIL ACTION NO.  2:12-cv-01225

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
*(Defendants' Motion for Summary Judgment)*

Pending before the court is the defendants' Motion for Summary Judgment [ECF No. 61]. As set forth below, the defendants' Motion is **GRANTED in part** and **DENIED in part**.

I.    **Background**

This case resides in one of seven MDLs assigned to the court by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 58,000 cases currently pending, approximately 28,000 of which are in the Ethicon, Inc. and Johnson & Johnson, Inc. ("Ethicon") MDL, MDL 2327. In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled

on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. I completed this selection process four times and selected the plaintiff's case as a Wave 1 case.

## II.  Legal Standards

### A.  Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer

some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B.   Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (internal citations omitted). To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of

3

the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

This case was originally filed in the Central District of California. Therefore, I use California's choice-of-law rules to determine which state's law to apply to this case. California courts apply a three-step governmental interest approach to resolve choice-of-law disputes. *Kearney v. Salomon Smith Barney, Inc.,* 137 P.3d 914, 922 (Cal. 2006); *Hurtado v. Super. Ct.,* 522 P.2d 666, 669 (Cal. 1974). Under the first step, the court should determine whether the laws of each potential jurisdiction actually differ. *Kearney,* 137 P.3d at 922. Second, where the laws of each jurisdiction differ, the court must determine whether a "true" conflict exists by determining whether each state has an interest in applying its law in this case. *Id.* Finally, if a true conflict exists, the court will determine "which state's interest would be more impaired if its policy were subordinated to the policy of the other state" and apply that state's law. *Id.* (quoting *Bernhard v. Harrah's Club,* 546 P.2d 719, 723 (Cal. 1976)).

As to the first step, whether the laws of California and Utah actually differ, both California and Utah provide a two-year statute of limitations for the plaintiff's

claim. Cal. Civ. Proc. Code § 335.1; Utah Code Ann. § 78B-6-706. Both states apply a discovery rule to determine the date of accrual; however, those discovery rules differ in both scope and application. Utah states that an action "shall be brought within two years from the time the individual who would be the claimant in the action discovered, or in the exercise of due diligence should have discovered, both the harm and its cause." *Utah Local Gov't Tr. v. Wheeler Mach. Co.*, 199 P.3d 949, 951 (Utah 2008). California's discovery rule is satisfied when "the plaintiff learns, or should have learned, the *facts* essential to his claim." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005) (quoting *Gutierrez v. Mofid*, 705 P.2d 886, 889 (Cal. 1985)). "Suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." *Id.* Because these rules differ in language and application, I find that the statute of limitations laws of California and Utah actually differ. I now move to the second step.

Under the second step, I must determine whether both states have an interest in having their respective laws applied in this case. In other words, I must decide whether "only one of the states has an interest in having its law applied." *Wash. Mut. Bank, FA v. Super. Ct.*, 15 P.3d 1071, 1081 (Cal. 2001). If only one state has an interest in having its law applied, I will apply the law of that state. Utah has an interest because the plaintiff is a Utah resident and was implanted with the defendants' product in Utah. Utah also has an interest in protecting its residents from injuries that occurred within its jurisdiction. Additionally, California has an

5

interest in this matter because the plaintiff's explant surgery was completed there, and the plaintiff has returned to California for a follow-up visit.

After determining that both Utah and California have an interest in having their respective laws applied, I must move on to the third and final step. I must determine which state's interest would be more impaired if its law was not applied. *Kearney,* 137 P.3d at 922. One of the most relevant factors for a court to consider is the location of the accident. *See Offshore Rental Co. v. Cont'l Oil Co.*, 583 P.2d 721, 728 (Cal. 1978); *Hernandez v. Burger*, 102 Cal. App. 3d 795, 802 (Cal. Ct. App. 1980) ("Indeed, with respect to regulating or affecting conduct within its border, the place of the wrong has the predominant interest."). Here, because the plaintiff resides in Utah and her claimed injuries occurred in Utah, I find that Utah's interests would be significantly impaired if its law was not applied. The parties also agree that these principles compel application of Utah law. *See* Defs.' Mem. Supp. Mot. Summ. J. 5–6 [ECF No. 62]; *see generally* Resp. [ECF 75] (discussing the application of Utah law). Thus, I will apply Utah's substantive law to this case.

## III.   Analysis

Ethicon argues it is entitled to summary judgment because the plaintiff's legal theories are without evidentiary or legal support.

6

### A.    Count XV

In her Response, the plaintiff expressly withdraws Count XV (unjust enrichment) of her Amended Short Form Complaint. Accordingly, Ethicon's Motion with regard to this claim is **GRANTED**.

### B.    Manufacturing Defect

Under Utah law, "a manufacturing defect claim, by its nature, involves a deviation from the product's design specifications, to the injury or potential injury of a user." *Wankier v. Crown Equipment Corp.*, 353 F.3d 862, 867 (10th Cir. 2003) (applying Utah law). The gravamen of a manufacturing defect claim "is not defective design but defective execution of the design." *Id.*

Here, the plaintiff has presented no evidence that the manufacturer of the Prolene Mesh deviated from the product's design specifications. Thus, drawing all inferences in the light most favorable to the plaintiff, the court **FINDS** that the plaintiff has not met her burden of producing "specific facts showing that there is a genuine [dispute] for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Ethicon's Motion regarding the plaintiff's manufacturing defect claim is **GRANTED**.

### C.    Remaining Claims

After considering the parties' proffered arguments and evidence, I **FIND** that genuine disputes of material fact exist regarding the plaintiff's remaining claims. Accordingly, to the extent Ethicon's Motion challenges any other claims, the Motion is **DENIED**.

IV.    Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 61] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the plaintiff's unjust enrichment claim and manufacturing defect claim. To the extent that Ethicon's Motion challenges any other claims, the Motion is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       December 16, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

8